## Case No. 4,642.

### The FANNY GARDNER.

[5 Biss. 209.][1]

District Court, N. D. Illinois. Aug., 1872.

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

Rae & Mitchell, for libellant.
W. F. Whitehouse, for respondent.

BLODGETT, District Judge. There are two questions made upon this libel.

First, that the admiralty court has not jurisdiction, because the brig was the property of the captain who is dead, and that libellant should prove his claim before the probate court of this county and take his pay in due course of administration.

This principle cannot be sustained. The law giving a specific lien for the mariner's wages upon the vessel, takes no notice of who owns it, or of the life or death of the owner, or of any change of ownership. The mariner's lien attaches to the vessel, and it is not necessary for the mariner to inquire whether the owner be living or dead. If he has performed maritime service on board the vessel he is entitled to his pay, and entitled to enforce his lien upon the vessel in a court of admiralty.

Second, the other question made is that the libellant, having assumed command of the vessel by the death of the captain, has lost his admiralty lien.

By the common law of the sea, in the case of the death or disability of the captain it becomes the mate's duty to take command of the ship. This is a part of the condition of his entry upon the service; it is what is expected of him and what would be enforced against him. He would be derelict in his duty if he did not assume command of the ship at once upon the death or disability of the captain, he being the next officer in command. It does not follow, because he performs the duties of captain that he is entitled to captain's wages. It is one of the chances which he takes when he enters upon his employment as mate that he may be called upon during the voyage to assume the duties of captain, but inasmuch as the hiring of a

captain is a personal transaction between the owners and the captain, the law will not imply any change in the relation of the mate to the vessel from what the original contract of shipment made, and he still remains mate in command by the occurrence of a contingency which he ought to anticipate. His maritime lien attaches for his wages as mate during the entire voyage, it being his duty to bring the vessel into a place of safety. In this case it does not appear affirmatively whether the mate was obliged to bring the vessel back to Chicago or whether he could have brought her to any other safe port and notified the owner; but he voluntarily assumed command and brought the vessel into Chicago and is entitled to enforce his lien for the amount of his wages according to his contract, which is two dollars per day for twenty-eight days. He admits that he has received five dollars, making fifty-one dollars as the amount due, which will be the amount of the decree.